1
2
3
4
5
6                             UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
7                                      AT SEATTLE

8    SELBI CHARYEVA3, et al.,

9                        Plaintiffs,                    Case No. C23-1977-RAJ-SKV

10          v.                                          OMNIBUS OPINION AND ORDER

11   ALEJANDRO MAYORKAS, et al.,

12                       Defendants.

13

14          Plaintiffs Selbi Charyeva3, Arslan Charyev3, Arslan Charyev4, Arslan Charyev6, and

15   Selbi Charyev6 (collectively "Plaintiffs") have several related requests pending before the Court.

16   First, Plaintiffs move to append various documents to their Second Amended Consolidated

17   Complaint ("SACC") at Docket No. 15-1, Response to Defendants' Motion to Dismiss ("MTD

18   Response) at Docket No. 26, and Motion for Summary Judgment ("MSJ") at Docket No. 21. *See*

19   Dkts. 27, 37, 38, 41, 54, 55. Second, Plaintiffs seek leave to correct, replace, or supplement

20   exhibits originally submitted with those filings. *See* Dkts. 34, 39. Third, Plaintiffs move to

21   consolidate this action with a later-filed case: *Bibi1 v. Mayorkas et al.*, C24-6065-BHS. *See*

22   Dkt. 50. The Court addresses each pending matter, as well as any other filings they impact, in

23   turn.

1

# I.    BACKGROUND

2    Plaintiffs are nationals of Turkmenistan who applied for asylum in the United States.  *See*

3  Dkt. 15-1 at 28–29.  They claim that "U.S. Citizenship and Immigration Services ('USCIS') has

4  unreasonably delayed the processing of affirmatively filed asylum form I-589 applications in

5  violation of the Administrative Procedure Act (5 U.S.C. § 551 et seq., specifically 5 U.S.C § 706

6  (1) [and (2)])."[1]  Dkt. 15-1 at 3, 72, 83 (Counts One and Three).  Plaintiffs seek a court order (1)

7  compelling Defendants to adjudicate their asylum applications by a certain date, (2) enjoining

8  Defendants from "issuing expedited interview notices for free using the short notice list

9  procedure" and requiring "Defendants to use the I-907 premium (expedited) procedure for the I-

10  589 application," (3) enjoining Defendants from "using the $600/$300/$0 Asylum Program Fee

11  funds to adjudicate the defensive border I-589 AMIs," and (4) granting reasonable attorney's

12  fees and costs.  Dkt. 21 at 33–34; Dkt. 21-1 (memorializing agreement to modify relief sought);

13  *see also* Dkt. 15-1 at 93–96 (relief originally sought).

14    Plaintiffs amended their Complaint twice, *see* Dkts. 6, 13, and subsequently moved to

15  consolidate two later-filed cases with this case, *see* Dkt. 15.  Defendants did not oppose

16  consolidation, and the Court granted Plaintiffs' motion.  *See* Dkt. 17.  Later that day, Defendants

17  moved to dismiss all claims.[2]  *See* Dkt. 19.  Plaintiffs filed a cross-motion for summary

18  judgment, which the Court stayed pending resolution of Defendants' Motion to Dismiss

19  ("MTD").  *See* Dkt. 21; Dkt. 23.  Plaintiffs have since filed numerous motions to update

20  documents in their SACC, MTD Response, and MSJ, as well as another motion to consolidate.

21

22  [1] Plaintiffs originally brought an additional claim under 28 U.S.C § 1361.  *See* Dkt. 15-1 at 3, 79 (Count Two).
Plaintiffs have since abandoned that claim.  *See* Dkt. 20 at 2; Dkt. 21 at 2.

23  [2] The Court construes Defendants' Motion to Dismiss as directed towards the operative complaint at Docket No. 15-
1 because Defendants did not oppose Plaintiffs' request to consolidate cases and filed their Motion to Dismiss after
the Court granted consolidation.

1    The Honorable Richard A. Jones referred this case and all pending motions to the undersigned.

2    *See* 2/20/2025 Order.

3                                    II.    <u>DISCUSSION</u>

4            The Court undertook a comprehensive review of the docket.  Since Plaintiffs' MSJ was

5    stayed and briefing on Defendants' MTD concluded, Plaintiffs have filed numerous documents

6    to correct, replace, or supplement their prior filings.[3]  The Court addresses those filings first,

7    along with other filings they impact, before turning to Plaintiffs' Opposed Motion to Consolidate

8    Cases.

9    A.    <u>Docket No. 27</u>

10           Plaintiffs filed a praecipe seeking to add two certified statements from newly

11   consolidated Plaintiffs to MSJ Exhibit 4.  *See* Dkt. 27 at 2.  That MSJ was stayed when Plaintiffs

12   filed the praecipe.  The document was incorrectly filed "re" Docket No. 26, Plaintiffs' MTD

13   Response.  *See* Dkt. 27 (docket text).

14           Plaintiffs state the certified statements were missed due to technical issues, time pressure

15   when filing, and failure to plan.  *See* Dkt. 27 at 3.  Plaintiffs note they discovered that they

16   omitted certified statements from the newly consolidated Plaintiffs the morning after filing the

17   MSJ and immediately conferred with Defendants.  *See* Dkt. 27 at 2 ("This Praecipe was

18   presented to opposing counsel as a Plaintiffs' Motion at 928am [sic] the next morning, June 11,

19   2024, and he responded at 328pm [sic] with a suggestion of Praecipe Under [sic] Local Civil

20   Rule 7(M) [sic].").  However, Plaintiffs waited an additional 20 days to file their praecipe with

21   the Court.

22           Local Civil Rule 7(m) states:

23
     ---
     [3] Plaintiffs style their requests as praecipes, requests, and motions.  Nomenclature aside, all seek relief from the
     Court, and the Court construes them as motions.

Parties are expected to file accurate, complete documents, and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record. In the event that an error is discovered, a party should file, as promptly as possible, a praecipe requesting that the court consider a corrected document, which must be filed as an attachment to the praecipe. The praecipe must specify by docket number the document being corrected and the corrections by page and line number. If the party seeks to add an additional document in support of a previous filing, the praecipe must set forth why the document was not included with the original filing and reference the original filing by docket number.

LCR 7(m).

The filing at Docket No. 27 does not comply with this rule. Plaintiffs do not explain why they delayed filing for 20 days after discovering their oversight, drafting a praecipe, and conferring with Defendants. The only "good cause" Plaintiffs cite for accepting the late filing is time pressure when filing their MSJ and the dangerousness of Plaintiffs' countries of origin. *See* Dkt. 27 at 2.

Neither persuades. First, Federal Rule of Civil Procedure 56 permits parties to move for summary judgment "at any time until 30 days after the close of all discovery" "[u]nless a different time is set by local rule or the court orders otherwise." Fed. R. Civ. P. 56(b). The Court never modified that default deadline.[4] In the Parties' Joint Status Report, Plaintiffs state: "If Defendants file a motion to dismiss Plaintiffs will file their cross summary judgement motion at the same time." Dkt. 8 at 6. The Court noted that filing shortly thereafter. *See* 2/13/2024 Notice to the Parties. In ruling on Plaintiffs' Motion to Consolidate at Docket No. 15, the Court clarified Defendants' deadline to answer or otherwise plead remained as set and noted "Plaintiffs *may* file a motion for summary judgment on June 10, 2024." Dkt. 17 at 2 (emphasis added). In sum, the time pressure Plaintiffs faced when filing appears to be self-imposed. Second, Plaintiffs

---

[4] In a Reply concerning a separate motion to add another exhibit, Plaintiffs state: "The Order at Exh. 23 [sic] only allows a same-day filing of amended [sic] Motion for Summary Judgment, if the Motion to Dismiss is denied, thus the need over the last year to file [various new exhibits]." Dkt. 61 at 3–4. This is a patently incorrect reading of the Minute Order at Docket No. 23.

cite no authority authorizing untimely filings based on dangerousness of the filer's country of origin.

As the remainder of this Order details, this filing cannot reasonably be viewed as a stray procedural misstep. It is one of many documents that fails to comply with applicable rules. Mindful of the Parties'—and the Court's—need for clarity before this case can move forward, the Court turns to solutions.

District courts "possess[] inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962)). Two principles guide their exercise. First, "an inherent power must be a reasonable response to a specific problem." *Id.* at 46. Second, "the power cannot contradict any express rule or statute." *Id.*

Here, the "specific problem" confronting the Court is twofold. First, the filing at Docket No. 27 was not timely filed in violation of Local Rule 7(m). Second, as discussed *infra*, the docket is replete with filings by Plaintiffs that are mistitled, bury the relief sought, and include improper merits arguments. Requests for relief or to withdraw or replace filings can only be unearthed by following chains of documents not clearly linked together. Requests to update or append new exhibits are followed by strings of additional requests to update the updates or add exhibits to the exhibits. Praecipes and requests are repeatedly relied upon to correct filing errors avoidable through due care. This kind of docket does not lend itself to the "the orderly and expeditious disposition of cases." *Id.* at 45.

The volume of procedurally improper documents in this case creates confusion and leads the Court to conclude the "reasonable response" is striking improper filings. No express rule or

statute holds to the contrary.  "It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)) (cleaned up).  "This includes the power to strike items from the docket as a sanction for litigation conduct," *id.*, or procedurally improper filing, *see Jackson v. Kroger Co.*, No. 2:24-CV-02128-LK, 2025 WL 346640, at *1 (W.D. Wash. Jan. 30, 2025).  Indeed, any document "not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court . . . [is] a fugitive document and must be stricken from the record." *Id.* (quoting *Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020)).

Nothing less is appropriate here.  "[R]resources are limited.  In order to give fair consideration to those who call upon . . . [the Court] for justice, [it] must insist that parties not clog the system . . . . Hence [the Court] . . . ha[s] briefing rules." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).  Plaintiffs' web of filings does not comply with the rules and obscures operative documents.  To avoid confusion as to what documents are in or out of play, the Court will strike filings and exhibits tendered for procedurally improper purposes or that fail to comply with applicable rules.  Where documents are tendered for multiple purposes—some proper and others improper—the Court will permit Plaintiffs to refile them according to the instructions *infra* at Section III of this Order.

The unreasonable and unexplained untimeliness of the filing at Docket No. 27 is troubling.  For clarity of the record, the Clerk shall **CORRECT** the docket text at Docket No. 27 to reference the correct related document at Docket No. 21.  The Clerk shall also **STRIKE** the filing at Docket No. 27.  However, in view of the Order granting consolidation's proximity to Plaintiffs' perceived MSJ deadline, and because Defendants did not oppose, Plaintiffs may refile

1   the newly consolidated Plaintiffs' certified statements in accordance with the instructions at

2   Section III of this Order.

3   B.    Docket Nos. 31, 32, 33, 36, and 37

4          Plaintiffs seek to replace their filings at Docket Nos. 31, 32, 33,[5] and 36[6] with the filing

5   at Docket No. 37.  *See* Dkt. 37 at 2.  The filings at Docket Nos. 31, 32, 33, and 36 are **DEEMED**

6   **WITHDRAWN** and the Clerk shall **STRIKE** them for clarity of the record.

7          At Docket No. 37, Plaintiffs seek to file a "non-opposed new Exhibit 5/Exhibit I" in

8   support of the SACC, MSJ, and MTD Response.  Dkt. 37 at 1.  Plaintiffs state that, "[s]ince the

9   filing of the Motion for Summary Judgment, new information has become available that

10  necessitates an update."  Dkt. 37 at 2.  Plaintiffs' proposals to add an exhibit to the SACC, MSJ,

11  and MTD Response, given this case's procedural posture, trigger distinct analyses.

12         First, Plaintiffs ask to add Exhibit 5/Exhibit I to the SACC.  They make no legal

13  arguments in support of their request, and the Court does not construe it as a motion to amend

14  the SACC pursuant to Federal Rule of Civil Procedure 15.  *See* Fed. R. Civ. P. 15.  Plaintiffs cite

15  no authority—and the Court knows of none—permitting Plaintiffs to append additional

16  documents to a complaint absent an amendment.  Moreover, Plaintiffs, at Docket No. 37 and in

17  subsequent filings, repeatedly seek to supplement their MTD Response.[7]  That request is made in

18  the conjunctive, not the alternative, indicating that Plaintiffs stand by, and continue to litigate,

19  the operative complaint at Docket No. 15-1.  Even if Plaintiffs do seek to amend the SACC, they

20

---

[5] Docket No. 33 appears to include the document at issue in Docket Nos. 31 and 32.

21

22  [6] The docket text at Docket No. 37 indicates the filing is intended to "[a]mend[] [f]iling of Dkt 36."  The Court construes this as a request to withdraw the filing at Docket No. 36.

23  [7] After similar requests to add exhibits to the SACC, discussed *infra*, Defendants clarified in their Response to Plaintiffs' motion at Docket No. 39 that they do not understand Plaintiffs to be attempting to amend the SACC but that, to the extent they are, Defendants do not consent.  *See* Dkt. 43 at 5.  Plaintiffs submitted a Reply and did not correct Defendants' understanding or clarify their intention with respect to amending the SACC.  *See* Dkt. 44.

1   can no longer do so as of right, and Defendants have not consented to an amendment.  *See* Fed.

2   R. Civ. P. 15(a)(1); Dkt. 43 at 5.  Plaintiffs' request is **DENIED** as procedurally improper and

3   without legal basis.

4          Second, Plaintiffs seek to add Exhibit 5/Exhibit I to their MSJ.  Defendants take "no

5   position" on Plaintiffs' request.  *See* Dkt. 43 at 5.  Briefing on Plaintiffs' MSJ remains stayed

6   pending adjudication of Defendants' MTD.  Defendants will have an opportunity to respond to

7   the MSJ and supporting documents if and when the stay is lifted.  While Plaintiffs provide no

8   authority in support of their request, the Court, in an exercise of its discretion, will permit

9   Plaintiffs to refile this exhibit in accordance with the instructions at Section III of this Order.

10          Third, Plaintiffs seek to add Exhibit 5/Exhibit I to their MTD Response.  Plaintiffs again

11   fail to identify any procedural vehicle or legal authority supporting their request.  MTD briefing

12   closed with Defendants' Reply at Docket No. 28.  Permitting Plaintiffs to append new documents

13   to their Response now would deny Defendants an opportunity to respond.  And it is not clear

14   how the new exhibit would bolster Plaintiffs' Response.  An exhibit appended post-hoc is

15   necessarily not cited in Plaintiffs' Response.  As such, none of Plaintiffs' arguments would draw

16   from, or rely on, the new exhibit.  "[J]udges are not like pigs, hunting for truffles buried in

17   briefs[]" or the record at large.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th

18   Cir. 2003) (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)).  Plaintiffs must

19   connect their own dots.  "It is not enough merely to mention a possible argument in the most

20   skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and

21   put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).  Plaintiffs'

22   request is **DENIED** as procedurally improper and without legal basis.

23

1    Because two of the three purposes for which Plaintiffs offer Exhibit 5/Exhibit I are

2    baseless, and because the Court will permit refiling of new and updated exhibits tendered in

3    support of the MSJ, the Clerk shall **STRIKE** the filing at Docket No. 37.

4    C.    Docket Nos. 34 and 35

5        Plaintiffs move to replace Exhibit 2/Exhibit C, filed with the SACC, MSJ, and MTD

6    Response, with an updated version.[8]  *See* Dkt. 34 at 1; Dkt. 35 (Proposed Order).  Plaintiffs again

7    cite no authority in support of their request.  Defendants take no position.  *See* Dkt. 43 at 5.

8    Replacing exhibits to the SACC and MTD Response is problematic for the same reasons

9    discussed *supra* at Section II(B).  Replacing exhibits to the MSJ is problematic because citations

10   or references to the original exhibit may not map onto the updated exhibit.  This could cause

11   confusion and leave portions of the MSJ without support.  *See* Fed. R. Civ. P. 56(c)(3) ("The

12   court need consider only the cited materials, but it may consider other materials in the record.");

13   *cf. Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) (explaining that

14   "[t]he district judge is not required to comb the record" when adjudicating a motion for summary

15   judgment).  Plaintiffs' requests are **DENIED** as procedurally improper and without legal basis.

16       The Clerk shall **STRIKE** the filings at Docket Nos. 34 and 35. Plaintiffs may refile the

17   updated Exhibit 2/Exhibit C as a new exhibit to the MSJ in accordance with the instructions at

18   Section III of this Order.

19   D.    Docket Nos. 38 and 41

20       At Docket No. 38, Plaintiffs move for leave to file new Exhibit 6/Exhibit J in support of

21   their SACC, MSJ, and MTD Response.  *See* Dkt. 38 at 1–2.  At Docket No. 41, Plaintiffs move

22   to append five attachments to proposed Exhibit 6/Exhibit J on grounds that they are the

23

---

[8] This document is elsewhere referred to as "Exhibit B."  *See* Dkt. 21-2 (original MSJ exhibit).

1   "background documents to . . . Exhibit 6/Exhibit J." Dkt. 41 at 2–3; *see* Dkt. 41-1 at 1.

2   Plaintiffs provide no supporting authority but do advance new merits arguments premised on

3   Exhibit 6/Exhibit J and its proposed attachments' content.  *See* Dkt. 38 at 2–3; Dkt. 41 at 4–10.

4   Defendants take no position on adding Exhibit 6/Exhibit J, *see* Dkt. 43 at 5, but they do oppose

5   adding attachments to that document and ask the Court to disregard new arguments made in

6   support of Plaintiffs' MTD Response, *see* Dkt. 45 at 1.  For the reasons discussed *supra* at

7   Section II(B), the Court **DENIES** Plaintiffs' requests at Docket Nos. 38 and 41 to add Exhibit

8   6/Exhibit J to their SACC and MTD Response.  To the extent new arguments opposing the MTD

9   are raised in Docket Nos. 38 and 41, the Court construes them as an improper surreply.  *See* Dkt.

10  38 at 2–3; Dkt. 41 at 4–10; LCR 7(g).  To the extent new arguments are advanced in support of

11  the MSJ, Plaintiffs have not certified that they do not cause the MSJ to exceed the permitted

12  word count.  *See* Dkt. 18; LCR 7(e)(6).  Accordingly, the Court disregards all new merits

13  arguments in support of Plaintiffs' MTD Response and MSJ.

14      The Clerk shall **STRIKE** the filings at Docket Nos. 38 and 41.  Plaintiffs may refile

15  Exhibit 6/Exhibit J and the documents presented at Docket No. 41 as new MSJ exhibits in

16  accordance with the instructions at Section III of this Order.

17  E.    Docket No. 39

18      Plaintiffs move for leave to update Exhibit 3/Exhibit H and to add a new attachment to

19  that updated exhibit.  Plaintiffs seek to append the updated and new documents to their SACC,

20  MSJ, and MTD Response.[9]  *See* Dkt. 39 at 1.  In support, Plaintiffs state Exhibit 3/Exhibit H

21  provides factual support for their position and constitutes "the supporting chart needed for" a

22  case Plaintiffs cite in their SACC and MSJ.  Dkt. 39 at 5.  Plaintiffs further argue the updated

23

---

[9] Plaintiffs reference the same documents as Exhibit 5/Exhibit H.  *See* Dkt. 39 at 1, 7.

exhibit refutes arguments Defendants make in their MTD.  *See* Dkt. 39 at 5–6.  Plaintiffs present

no legal arguments in support of their requests.  Defendants oppose because "Plaintiffs cite no

basis under the Local Rules or the Federal Rules of Civil Procedure for continuing to file exhibits

and arguments after the noting date for the Motion to Dismiss has passed."  Dkt. 43 at 2.

Defendants further argue the documents are inadmissible under Federal Rule of Evidence 408

and therefore not appropriate to consider in support of Plaintiffs' MSJ.  *See* Dkt. 43 at 2.

Plaintiffs replied without addressing Defendants' procedural objections, offered additional merits

arguments and an updated attachment to the previously tendered Exhibit 3/Exhibit H attachment,

and moved for leave to file either the original or the updated attachment to updated Exhibit

3/Exhibit H.  *See* Dkt. 44 at 1–6; Dkt. 44-1.

      For the reasons discussed *supra* at Sections II(A)–(D), the Court **DENIES** Plaintiffs'

requests and disregards additional merits arguments.  Plaintiffs may refile their updated Exhibit

3/Exhibit H and proposed attachment as new MSJ exhibits in accordance with the instructions at

Section III of this Order.

F.    <u>Docket Nos. 51, 54 and 55</u>

      At Docket No. 54, Plaintiffs make two requests.  First, Plaintiffs move for leave to

withdraw their Notice of Supplemental Authority at Docket No. 51.[10]  *See* Dkt. 54 at 1.

Plaintiffs' Notice of Supplemental Authority at Docket No. 51 is **DEEMED WITHDRAWN**.

For clarity of the record, the Clerk shall **STRIKE** the filing at Docket No. 51.

---

[10] Plaintiffs also discuss other cases that predate their MTD Response.  *See* Dkt. 54 at 2–3.  To the extent Plaintiffs
cite those cases as supplemental authority or to introduce new arguments, Local Rules 7(n) and (g) prohibit both.
*See Gauthier v. Twin City Fire Ins. Co.*, No. 2:14-CV-00693, 2015 WL 12030097, at *1 (W.D. Wash. July 15,
2015) ("the local rules do not provide a mechanism to submit additional argument and citation to law issued well
before this case was filed"); *Wilton v. Fithian*, No. C21-5596-MJP, 2023 WL 2460193, at *2 (W.D. Wash. Mar. 10,
2023) (declining to consider supplemental authority that "Plaintiff could have cited to . . . in earlier briefing . . .
[because] there is no proper basis to consider it").

1    Second, Plaintiffs move for leave to file new Exhibit K in support of their SACC, MSJ,

2    and MTD Response and "in rebuttal of the Motion for Dismissal." Dkt. 54 at 1, 4. Exhibit K

3    consists of a collection of documents, including interview statistics, a complaint from a case

4    pending before the U.S. District Court for the District of Massachusetts, and various USCIS

5    records. *See* Dkt. 54-1 at 1; Dkt. 55 at 2. Plaintiffs subsequently filed a praecipe at Docket No.

6    55 explaining that they attached an incomplete document at Docket No. 54-1 and tendering the

7    intended documents. *See* Dkt. 55 at 1. Defendants oppose on grounds that the documents "are

8    not part of Plaintiffs' complaint and not subject to judicial notice" and because the filing includes

9    untimely merits arguments. *See* Dkt. 58 at 1. Plaintiffs replied. *See* Dkt. 61 at 2.

10    Plaintiffs make four arguments in support, which the Court addresses in turn. First,

11    Plaintiffs argue filing Exhibit K would not prejudice Defendants because an "agreement to allow

12    Plaintiffs' Motion for Summary Judgment, allows subsequent evidence, exhibits, and arguments

13    be filed not only in support of Plaintiffs' filed Motion for Summary Judgment, but also in

14    rebuttal of the Motion for Dismissal." Dkt. 54 at 4; *see* Dkt. 61 at 2. In their Reply, Plaintiffs

15    clarify this agreement was memorialized at Docket No. 23. *See* Dkt. 61 at 2. The record

16    contains no such agreement. Docket No. 23 contains the Court's order staying briefing on the

17    MSJ and detailing how the action will proceed if any or all claims survive the MTD. *See* Dkt.

18    23. Nor would such an agreement, with respect to filing unfettered surreplies to the MTD, be

19    cognizable under the Local Rules or Ninth Circuit case law. *See* LCR 7(g); *Ready Transp., Inc.*,

20    627 F.3d at 404 (district courts control their dockets). Second, Plaintiffs argue Exhibit K's

21    "USCIS statistics and studies support the studies and graphs and charts filed with the

22    Complaint." Dkt. 54 at 4. Plaintiffs do not specify which studies, graphs, or charts in the SACC

23    Exhibit K supports. To the extent Plaintiffs suggest the SACC incorporates by reference some or

all Exhibit K documents, they advance no legal authority demonstrating that argument, typically raised by defendants in a motion to dismiss, is available to plaintiffs after MTD briefing has closed. *Cf. United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. The *defendant* may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." (citations omitted and emphasis added)). Third, Plaintiffs invite the Court to take judicial notice of Exhibit K pursuant to Federal Rule of Evidence 201. *See* Dkt. 54 at 4. Plaintiffs provide no legal argument demonstrating any or all documents included in Exhibit K are subject to judicial notice. Finally, Plaintiffs point to filings in other cases which have cited statistics included in Exhibit K. *See* Dkt. 54 at 4. What other litigants have filed in distinct cases pursuant to different procedural mechanisms has no bearing on the issue at hand: whether Plaintiffs should be permitted to add Exhibit K to their SACC, MSJ, and MTD Response.

 For the reasons discussed *supra* at Sections II(B) and (D), the Court **DENIES** Plaintiffs' requests at Docket No. 54 to append Exhibit K to their SACC and MTD Response and disregards additional merits arguments. Plaintiffs may refile Exhibit K as a new MSJ exhibit in accordance with the instructions at Section III of this Order.

G.  <u>Docket No. 50</u>

 Plaintiffs move to consolidate their case with *Bibi1 v. Mayorkas et al.*, C24-6065-BHS. *See* Dkt. 50. Plaintiffs argue the "substantial overlap of factual and legal issues" in the two cases makes consolidation appropriate and would yield judicial efficiency gains without prejudicing Defendants. *See* Dkt. 50 at 8. Plaintiffs further state the "Bibi1 Complaint is what can be

1   described as the updated 'Third Amended Consolidated Complaint' of Charyeva3. Bibi1 has the

2   same 'exact' wording and (updated) exhibits." Dkt. 50 at 5. Defendants oppose on grounds that

3   the cases are in different procedural postures, individual issues predominate, and consolidation

4   would prejudice Defendants. *See* Dkt. 59 at 4–8. Specifically, Defendants argue the filing of a

5   new consolidated complaint would sanction an end-run around Rule 15's amendment

6   requirements and force reopening of motion to dismiss briefing by introducing new exhibits and

7   reviving an abandoned mandamus claim.[11] *See* Dkt. 59 at 7–8. In their Reply, Plaintiffs argue

8   denying consolidation would result in slightly offset, duplicative MSJ briefing in both cases. *See*

9   Dkt. 60 at 3. Plaintiffs further state they do not seek to "change the operative complaint" in this

10  case but instead to supplement it with materials applicable to Bibi1 and new and updated

11  exhibits. Dkt. 60 at 3–4.

12         "The district court has broad discretion under . . . [Rule 42(a) of the Federal Rules of

13  Civil Procedure] to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist.*

14  *Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Here, consolidation does not make

15  sense. This case is in an advanced posture. The MTD is ripe for disposition. If any claims

16  survive, this matter will likely proceed to summary judgment. *See* Dkt. 23. On the other hand,

17  *Bibi1*, filed in December 2024, remains in its infancy. And, per Plaintiffs' representations, *Bibi1*

18  may resolve without further litigation because, when Plaintiffs moved to consolidate, time had

19  not yet elapsed for Defendants to determine whether to schedule Bibi1 for an interview.[12] *See*

20  Dkt. 50 at 6; Dkt. 60 at 6.

21

22  _____
    [11] Defendants point out that, "[s]ince July 16, 2024, Plaintiffs have sought twelve times to supplement their
    opposition to the Motion to Dismiss, with exhibits, arguments, and citations to case law," citing Docket Nos. 31, 32,
23  33, 34, 36, 37, 38, 39, 41, 46, 51, and 54. Dkt. 59 at 3.

    [12] The Parties did not clearly state by when Defendants must decide whether to interview Bibi1. The Parties have
    not furnished the Court with any updates on Bibi1's interview status.

1    Moreover, consolidation would prejudice Defendants.  Plaintiffs assert they want to

2    supplement, not change, the SACC through consolidation.  *See* Dkt. 60 at 3–4.  That is a

3    distinction without difference.  Adding allegations and facts from a new plaintiff plus new and

4    updated exhibits could materially change the SACC and require reopening of MTD briefing.  As

5    discussed *supra*, Plaintiffs' attempts to append those same new and updated exhibits to the

6    SACC are not well taken.  The Court finds no grounds to usher them in through the back door.

7    Accordingly, Plaintiffs' Motion to Consolidate at Docket No. 50 is **DENIED**.

8    III.    REFILING SUPPLEMENTAL MSJ EXHIBITS

9    Plaintiffs' MSJ remains stayed pending resolution of Defendants' MTD.  As stated

10   above, the Court will permit Plaintiffs one opportunity to file supplemental MSJ exhibits.[13]

11   Subsequent attempts to supplement or update the stayed MSJ will be deemed premature and

12   stricken.  Plaintiffs' filing must conform to the following criteria:

- Plaintiffs shall include a cover sheet referencing this Order and an index of their supplemental exhibits.  Each exhibit in the index shall be referenced by number and Bluebook citation.

- Exhibits must be compiled and filed as one docket entry.  Each exhibit shall be filed as a separate attachment.

- Exhibit numbers for new and updated exhibits shall start at 5, considering that Plaintiffs' MSJ already contains Exhibits 1 through 4.  However, the certified statements originally filed at Docket No. 27 shall bear the number of the original MSJ exhibit they are intended to supplement.

---

[13] The Court reminds Plaintiffs, however, that for purposes of summary judgment, it "need consider only . . . cited materials."  Fed. R. Civ. P. 56(c)(3).

OMNIBUS OPINION AND ORDER - 15

- Each exhibit shall contain only one document. Collections of documents may not be filed as a single exhibit. Exhibits may not have their own exhibits.

- Only exhibits previously tendered and struck by this Order may be included. Those exhibits may not be altered or augmented. No additional new exhibits or updated exhibits will be entertained until the stay on MSJ briefing is lifted.

- No argument shall be included, and everything submitted will be considered part of the record. The Court will not limit the record to only those portions of documents Plaintiffs deem supportive of their position. *See, e.g.*, Dkt. 37 at 1 (seeking leave to file a new exhibit "with the exception of the erroneous statistics of Figure 3").

Plaintiffs shall take the utmost care to follow these instructions, select the correct documents, include all desired documents, and file their compilation correctly. Failure to comply with these instructions may result in the Court striking Plaintiffs' submission in full. Praecipes requesting substitutions or corrections to Plaintiffs' submission will be denied and stricken from the record. Supplemental MSJ exhibits are due by **May 21, 2025**.

Defendants may submit an optional Response to Plaintiffs' filing by **May 28, 2025**. Any Response should be limited to highlighting noncompliance with these instructions or other applicable rules. Substantive arguments shall be reserved for Defendants' MSJ Opposition.

IV.    <u>CONCLUSION</u>

For the reasons above, the Motions at Docket Nos. 39, 41, 50, and 54 are **DENIED**. The Clerk shall:

- **CORRECT** the docket text at Docket No. 27 to reference the correct related document at Docket No. 21 and **STRIKE** the filing at Docket No. 27;

- **STRIKE** the filings at Docket Nos. 31, 32, 33, and 36, which are **DEEMED WITHDRAWN**;

- **STRIKE** the filing at Docket No. 37;

- **STRIKE** the filings at Docket Nos. 34 and 35;

- **STRIKE** the filings at Docket Nos. 38 and 41; and

- **STRIKE** the filing at Docket No. 51, which is **DEEMED WITHDRAWN**.

Plaintiffs may consolidate and refile supplemental exhibits to their Motion for Summary Judgment, subject to the requirements at Section III of this Order, by **May 21, 2025**. The Clerk is further directed to send copies of this Order to the Parties and to the Honorable Richard A. Jones.

Dated this 7th day of May, 2025.

S. KATE VAUGHAN
United States Magistrate Judge